UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE HORATTAS, ANDREW PHYTHIAN,
DIANNE PHYTHIAN, ROBERT COCHRAN, and
CONSTANCE COCHRAN,

          Plaintiffs,

v.

          Case No. 1:07-cv-122

          Hon. Wendell A. Miles

CITIGROUP FINANCIAL MARKETS, INC. a/k/a
SMITH BARNEY CITIGROUP, MARK A. SINGER,
FONDREN INTERNATIONAL, INC., INDIAN
NATION, L.L.C., d/b/a CRS MANAGEMENT OF
MICHIGAN, L.L.C., SUMMERFIELD, L.L.C.,
QUEST MINERALS AND EXPLORATION INC.,
CLAYTON SMART, STEPHEN W. SMITH,
CHRISTINE M. HEISEY, ERMA L. HUCKSTEP,
and CRAIG BUSH,

          Defendants.
                                                      /

## OPINION AND ORDER

This matter is before the court on Plaintiffs' Motion to Transfer (dkt. #35), seeking to transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). Responses in opposition to the motion were filed by defendants Citigroup Financial Markets, Inc. (dkt. #38), Mark A. Singer (dkt. #41), and Craig Bush (dkt. #44). Plaintiffs replied to the responses (dkt. #47). For the following reasons, the court denies the Plaintiffs' motion.

### Background

Plaintiffs brought this suit in the Circuit Court for the County of Ingham on January 5, 2007, alleging that the defendants violated the Michigan Cemetery Regulation Act (MCRA), MICH. COMP. LAWS § 465.521. The MCRA requires all cemeteries to maintain an "irrevocable

endowment care fund," MICH. COMP. LAWS § 456.35(1), for the purpose of maintaining the cemeteries' property.  MICH. COMP. LAWS § 456.35(5).  All persons engaged in selling burial rights, entombment rights, or columbarium rights must deposit 15% of gross proceeds into the irrevocable endowment care fund.  MICH. COMP. LAWS § 456.536(1).  Defendant Craig Bush owned 28 cemeteries through-out Michigan, which he sold to defendant Clayton Smart.  The Plaintiffs allege that in August 2004, the cemeteries had $61 million in irrevocable endowment funds, but by September, 2006, the funds had been completely depleted.  Allegedly, the Defendants misappropriated the money by a series of fraudulent transactions in connection with the sale of the cemeteries by Defendant Bush to Defendant Smart.  Plaintiffs seek to recover the money in order to restore the endowment care funds.  Plaintiffs further seek to have the action certified as a class action on behalf of all of the consumers who have purchased burial rights, entombment rights or columbarium rights from the cemeteries. On February 5, 2007, Defendants Citigroup Financial Markets, Inc (Citigroup) and Mark Singer removed this action to federal court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 78p(c) and 78bb(f).  Plaintiffs did not file a motion to remand or otherwise object to removal.

     On December 18, 2006, Michigan's Cemetery Commissioner filed a complaint in Ingham County Circuit Court against the 28 cemeteries and others, seeking injunctive relief and the appointment of a conservator. (Dkt. #23, attach.).  On December 18, 2006, the Ingham County Circuit Court appointed Mark J. Zausmer as conservator of the 28 cemeteries and their management companies. (Dkt. #23, attach.)  On April 4, 2007, Mr. Zausmer filed a motion in the instant case to intervene and to dismiss the Plaintiffs as parties. (Dkt. #22).  Mr. Zausmer contends in his motion that he is the proper party to bring an action for violations of the MCRA,

and that Plaintiffs have no standing to do so. The time for filing briefs in support or opposition to Mr. Zausmer's motion was suspended pending a ruling on Plaintiffs' motion to transfer. Plaintiffs now ask to transfer this case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) under the doctrine of forum non conveniens.

The requirements for venue are set by statute. Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs must first establish that this case could have been brought in the federal court in the Eastern District of Michigan. Plaintiffs contend that the federal court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, and that venue is proper in both the Eastern and Western District of Michigan pursuant to 28 U.S.C. § 1391(b). Defendants argue that the Eastern District of Michigan would lack jurisdiction of this matter under the Class Action Fairness Act because of the Act's "local controversy exception." They further contend that the case was removable under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. §§ 78p(c) and 78bb(f), but that SLUSA may not be used as a basis to support a motion to transfer venue.

Generally:

> the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which–
>
> > (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> >
> > (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> >
> > (C) any member of a class of plaintiffs is a citizen of a State and any

defendant is a foreign state or a citizen or subject of a foreign state.

28 USC §1332 (d)(2). Pursuant to the "local controversy exception" to this provision, the district court "shall decline to exercise jurisdiction" when the class action meets the following criteria:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant-
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
>> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

Plaintiffs' complaint was filed as a class action "on behalf of thousands of Michigan consumers." (Compl., ¶ 1). Thus, greater than two-thirds of the class are citizens of Michigan. At least one defendant, Craig Bush, is a citizen of Michigan and Plaintiffs seek significant relief from Mr. Bush, whose conduct forms a significant basis of Plaintiffs' claims. Finally, no other class action had been filed asserting the same allegations against the defendants in the three years preceding the filing of this case. Accordingly, all federal courts would be required under the "local controversy exception" to decline jurisdiction over this case.

Plaintiffs, however, do not challenge Defendants' assertion that the case was removable to the Western District of Michigan under SLUSA provisions. SLUSA precludes class actions

alleging state law violations but premised on deception "in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b); Ring v. AXA Financial, Inc., 483 F.3d 95, 96 (2d Cir. 2007). If a state class action satisfies all of the SLUSA criteria, the defendant may remove the case to federal district court, and the district court must dismiss the case. 15 U.S.C. §§ 77p(b) and 78bb(f)(2); Burns v. Prudential Securities, Inc., 116 F. Supp.2d 917, 920 (N.D. Ohio 2000). If the lawsuit does not satisfy all the SLUSA criteria, the federal district court must remand the case to the state court. 15 U.S.C. §§ 77p(b) and 78bb(f)(3)(D). Presently, the record is not sufficiently developed to permit the court to determine whether all of the SLUSA criteria are met.[1] If the criteria are met, the proper course is for the court to dismiss the case; however, if the criteria is not met, the proper course is to remand the case to the Ingham County District Court.[2] Plaintiffs, therefore, have not established that the case could be maintained in the Eastern District of Michigan, which is the threshold requirement for a transfer of venue.

The issue of whether SLUSA criteria are met in this case was not raised by Mr. Zausmer's Motion to Intervene and to Dismiss the Plaintiffs as Parties, and accordingly, the parties have not briefed the issue. It appears that this court must, pursuant to the mandates of SLUSA, either dismiss this action or remand the case to state court. Therefore, before the court

---

[1] The court notes that in order to dismiss a case under SLUSA, it must make several determinations, including (a) whether the action is a "covered class action" as defined by SLUSA, (b) whether the action involves a "covered security" as defined by SLUSA, and (c) whether the defendants' alleged deceptive practices were "in connection" with the purchase or sale of such securities. See 15 U.S.C. § 78bb(f)(1).

[2] SLUSA "does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist." Merrill Lynch, Pierce, Fenner & Smith, Inc., 547 U.S. 71, 126 S.Ct. 1503, 1514 (2006).

takes any further action in this case, the parties are directed to file briefs on the SLUSA issues, with relevant supporting evidence, if any.

## Conclusion

For the reasons discussed above, the court:

DENIES the Plaintiffs' Motion to Transfer (dkt. #35); and

DIRECTS THE PARTIES to file briefs within thirty days of the date of this order on the issues of whether (a) the Securities Litigation Uniform Standards Act of 1998 applies to this action, and if so (b) whether the action must be dismissed pursuant to 15 U.S.C. §§ 77p(b) and 78bb(f)(2), or (c) remanded to state court pursuant to 15 U.S.C. §§ 77p(b) and 78bb(f)(3)(D). After the thirty day period has expired, any party that so chooses shall have an additional fifteen days to file a reply brief; and accordingly, the court

HOLDS IN ABEYANCE the Motion to Intervene and to Dismiss the Plaintiffs as parties (dkt. #22).

So ordered this 28th day of June, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge